Commonwealth *v*. Williams, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anne F. Johnson* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James J. Wilson, Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

On August 21, 1973, the appellant James Williams was tried before the Honorable PAUL RIBNER of the Common Pleas Court of Philadelphia County, sitting without a jury, on charges of aggravated assault and battery and carrying a firearm on a public street. Appellant was convicted on both charges and sentenced to concurrent sentences of one to three years' imprisonment. Despite his failure to object at time of trial, appellant contends that the Common Pleas Court was without jurisdiction to try him on these charges, as the law of Pennsylvania vests such jurisdiction in the Municipal Court.

Article V, Section 1 of the Pennsylvania Constitution, adopted on April 23, 1968, establishes the Judicial Branch of the Commonwealth: "The judicial power of the Commonwealth shall be vested in a unified judicial system consisting of the Supreme Court, the Superior Court, the Commonwealth Court, courts of common pleas, community courts, municipal and traffic courts in the City of Philadelphia, such other courts as may be provided by law and justices of the peace." Implementing this Article, a Schedule sets forth the composition of the individual courts, their respective jurisdictions, and the method by which members of such courts shall be appointed or elected.

Section 16 of the Schedule, dealing with the courts of Philadelphia County, vests "unlimited original jurisdiction" in the common pleas court over "all cases except those cases assigned by this schedule to the municipal court and to the traffic court."[1] Art. 5, Sched., §16(o). While the traffic court is given "exclusive jurisdiction" over all summary offenses under the motor vehicle laws, the Municipal Court has juris-

---

[1] A common pleas court of general jurisdiction is established for each of the fifty-nine judicial districts in the Commonwealth.

diction over "[a]ll criminal offenses for which no prison term may be imposed or which are punishable by a term of imprisonment of not more than two years and indictable offenses under the motor vehicle laws for which no prison term may be imposed or punishable by a term of imprisonment of not more than three years." Art. 5, Sched., §16(r)(iii).

In 1971, the General Assembly, pursuant to its constitutional authority,[2] enlarged the jurisdiction of the Municipal Court to "all criminal offenses for which no prison term may be imposed or which are punishable by imprisonment *for a term of not more than five years.*" (Emphasis added) 17 P.S. §711.18.[3] This legislative act, which superseded Section 16(r)(iii) of the Schedule to the Judiciary Article, additionally provides that in all cases within the jurisdiction of the Municipal Court, "the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo includ-

[2] Preceding the subsections of Section 16 of the Schedule defining the jurisdiction of the respective courts, the Constitution provides that such jurisdiction will lie, "[u]nless otherwise provided by law." Art. 5, §10 of the Constitution, granting the Supreme Court rule-making powers, specifically proscribes the promulgation of rules that would "affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace . . ."

[3] Consistent with the jurisdictional limitations enacted by the Legislature, the Supreme Court in its Criminal Rules prescribing the procedures governing cases brought in the Municipal Court, declared: "Any criminal offense for which no prison term may be imposed or which is punishable by a term of imprisonment of not more than five years, including any indictable offense under the motor vehicle laws, shall be a Municipal Court case. When one or more such offenses are charged in a single complaint or series of complaints against one defendant, all shall be joined in the same Municipal Court case, regardless of the length of the cumulative sentence which could be imposed on all charges." Pa. R. Crim. P. 6001.

ing the right of trial by jury to the trial division of the court of common pleas. Until there are a sufficient number of judges who are members of the bar of the Supreme Court serving in the municipal court to handle such matters, the trial division of the court of common pleas shall have *concurrent* jurisdiction over such matters, the assignment of cases to the respective courts to be determined by rule prescribed by the president judge of the court of common pleas." (Emphasis added).

Pursuant to the constitutional directive, the Honorable D. DONALD JAMIESON, President Judge of the Court of Common Pleas of Philadelphia County, promulgated General Court Regulation No. 71-16, October 19, 1971, which provides, in pertinent part, as follows:

"SUBJECT: ASSIGNMENT OF CRIMINAL CASES WITHIN THE CONCURRENT JURISDICTION OF THE MUNICIPAL COURT AND TRIAL DIVISION OF THE COURT OF COMMON PLEAS

"All cases within the concurrent jurisdiction of the Municipal Court of Philadelphia and the Trial Division of the Court of Common Pleas of Philadelphia will be assigned for trial to the Municipal Court, unless the President Judge of the Court of Common Pleas or his designee approves a certification by counsel for defendant that a trial in the Municipal Court will unduly delay defendant's access to a trial by jury or a certification by counsel for either defendant or the Commonwealth that the trial of the case will be so time-consuming as to unduly disrupt the business of the Municipal Court. Such certificate together with proof of service may be filed with the Clerk of the Criminal Motion Court, Room 667, City Hall, at any time ten days or more before the first listing of the Municipal Court trial. (1)

"A copy of such certificate shall be served upon opposing counsel prior to filing, and opposing counsel

may within seventy-two (72) hours of receipt of the certificate file an answer controverting any or all of the facts alleged in the certification. Within three days of receipt of such answer or, if no such answer is received, of the time when such an answer might last have been filed, the President Judge or his designee shall determine whether the certificate, as answered, contains facts sufficient to establish that the case should be assigned to the Trial Division of the Court of Common Pleas.

"If he finds the facts sufficient, he shall mark the certificate approved and order that the defendant be afforded a preliminary hearing at the time and place of the then-scheduled Municipal Court trial. If he finds the averments insufficient, he shall mark the certificate disapproved and the matter will be heard as scheduled in the Municipal Court."

Appellant contends that the Common Pleas Court was without jurisdiction to try him on the offenses charged. In support of this argument, the appellant submits that the law of Pennsylvania, in mandatory terms, places subject matter jurisdiction in the Municipal Court, and that want of such jurisdiction may be raised for the first time on appeal. In addition, appellant argues that the certification procedure promulgated by the President Judge of the Common Pleas Court was not followed in the instant case, denying him the right to oppose the removal of the case from the Municipal Court.

The Supreme Court of the United States has dismissed the argument that the Constitution compels the existence of a "two-tier" system for minor criminal offenses. *Colten v. Kentucky*, 407 U.S. 104 (1972). Recognizing that the system runs for the convenience and effective administration of the courts, the Court announced that the Constitution requires only that due process of law and the right to a trial by jury be

afforded each and every defendant. The Pennsylvania Constitution and the Act of Legislature afford these constitutional guarantees by insuring that any defendant tried in Municipal Court is granted an absolute right to a trial *de novo* and a trial by jury in the Common Pleas Court. Pa. Const., Art. 5, Sched., §16 (r) (iii) ; 17 P.S. §711.18.

Although the appellant was tried in Common Pleas Court, where the right to a trial by jury was afforded, appellant contends that he was denied his *right* to a trial in the Municipal Court in the first instance. Appellant argues that the Common Pleas Court was without subject matter jurisdiction to hear the case. As supportive of this conclusion, appellant cites the certification procedure promulgated by the President Judge of the Common Pleas Court which provides for removal of jurisdiction only upon a clear showing that "the trial of the case will be so time-consuming as to unduly disrupt the business of the Municipal Court." Gen. Ct. Reg. No. 71-16.

While it is true that a question of subject matter jurisdiction may be raised for the first time on appeal and that a failure to raise a timely objection may not bar a litigant from challenging improper jurisdiction, such is not the case in the instant appeal. The question of subject matter jurisdiction relates solely to the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. *Simpson v. Simpson,* 404 Pa. 247, 172 A. 2d 168 (1961). Both the Pennsylvania Constitution and the Act of Legislature vest *concurrent* jurisdiction over minor criminal offenses in the Municipal Court and the Court of Common Pleas. Both courts, therefore, were competent to try the appellant. According to the Act of 1971, the General Assembly left the "assignment" of cases to the respective courts to the President Judge. We do not believe that a mis-assign-

ment of cases or the failure to follow a given procedure for such assignment is tantamount to a want of jurisdiction.

It is clear that the Constitution draws a distinction between the power to assign cases among courts of competent jurisdiction and the power to alter, modify or displace the jurisdiction of a court. In granting the Supreme Court rule-making and supervisory powers over the unified judicial system, the Constitution provides that the Supreme Court "shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, . . . including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, . . . and the administration of all courts . . . if such rules are consistent with this Constitution and . . . [do not] affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace . . ." Pa. Const., Art. 5, §10.

The Constitution vests the President Judge of the Common Pleas Court with the power to assign cases between the Municipal and Common Pleas Courts until there are a sufficient number of lawyer-judges on the Municipal Court. The rule for certification of cases from the Municipal Court to the Common Pleas Court is procedural, at best, and its intention is clearly one that benefits the efficient administration of the courts, rather than any of the parties. Unlike jurisdiction, the rule describes the method parties should follow in seeking a reassignment of a particular case to the court of general jurisdiction. One can envision a number of reasons why a defendant would opt for an initial trial at the common pleas level, including possible delay in obtaining two trials, possible psychological stigma associated with a conviction on the same charges in an inferior court, and a desire to have an immediate trial

by jury. It is our holding that a defendant who obtains an original trial at the common pleas level with a right to a trial by jury may not, in the absence of a timely objection, complain that he was not afforded "two bites of the apple." Since both courts are equally competent to determine guilt in a criminal case, a defendant is precluded from raising the lack of adherence to a certification rule on appeal.

The judgment of sentence is affirmed.