414 A.2d 658

**COMMONWEALTH of Pennsylvania,**

**v.**

**Leroy L. LAWTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Filed Nov. 16, 1979.

Reargument Denied Jan. 17, 1980.

Leonard Sosnov, John W. Packel, Assistant Public Defenders, Chief, Appeals Division, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

PRICE, Judge:

The instant appeal is from appellant's sentence on the charges of recklessly endangering another[1] and simple assault.[2] Post-trial motions were denied and appellant now asserts three assignments of error in the trial court: (1) that he was improperly tried in the Court of Common Pleas of Philadelphia County and should have been tried in the Philadelphia Municipal Court; (2) that the evidence was insufficient to sustain his conviction under 18 Pa.C.S. § 2705 for recklessly endangering another; and (3) that under the facts of this case, the offenses of reckless endangerment and simple assault merge for the purposes of sentencing. For the reasons stated herein, we affirm the judgment in the trial court.

The facts pertinent to this appeal are as follows. The fourteen year old victim testified that after she left school on May 31, 1977, she and her sister were waiting in the cashier's line at a subway station in Philadelphia. The station was very crowded with hundreds of youngsters. To the right of the victim and her sister, approximately ten to twelve feet away, stood a group of males, including appellant. The victim observed appellant facing her direction and heard him say, "No white kid is going to throw me in the tracks." Thereupon, appellant ran toward the victim and struck her on the side of the face one inch below the eye; appellant was apprehended immediately. As a consequence of the blow, the victim suffered swelling in her face and nose and broken tissues in her nose; the swelling subsided approximately one month later.

1. 18 Pa.C.S. § 2705.

2. 18 Pa.C.S. § 2701.

A criminal complaint was filed and an arraignment and preliminary hearing conducted during which appellant was charged with recklessly endangering another person, terroristic threats,[3] simple assault and aggravated assault.[4] In June 1977, informations were filed. As originally drawn, information number 1159 charged appellant with simple and aggravated assault; the aggravated assault charge was, however, crossed out on the front of the information sheet prior to its being filed, although the back portion detailing the specifics of the aggravated assault offense was not deleted.

On July 28, 1977, a non-jury trial was held in the Court of Common Pleas of Philadelphia County. At the commencement of trial, appellant made an oral motion that the case be transferred to the municipal court. Because the remaining offenses of reckless endangerment, terroristic threats and simple assault were misdemeanors, and because he had not moved pursuant to a rule of the Philadelphia Court of Common Pleas to certify the case for trial in that court, appellant asserted that the case should be tried in the municipal court.[5] The assistant district attorney moved to amend the information to charge the offense of aggravated assault, a felony, thus mandating that trial be conducted in the court of common pleas. *See* Pa.Const., Art. 5, Sched., § 16(*o*); Act of Oct. 17, 1969, § 18, *as amended,* 17 P.S.

3. 18 Pa.C.S. § 2706.

4. 18 Pa.C.S. § 2702.

5. Under the Act of Oct. 17, 1969, § 18, *as amended,* 17 P.S. § 711.18 (Supp.1978–79), *repealed,* Act of April 28, 1978, P.L. 202, § 2(a), the Philadelphia Municipal Court has jurisdiction in criminal matters which carry a possible prison term of not more than five years, *i. e.,* a misdemeanor as classified under 18 Pa.C.S. § 106(b). Jurisdiction over such cases is not exclusive, and is held concurrently with the Court of Common Pleas of Philadelphia County. *See* Act of Oct. 17, 1969, *supra,* 17 P.S. § 711.18. Pursuant to General Court Regulation No. 71–16 of the Court of Common Pleas of Philadelphia County, cases in which concurrent jurisdiction exists are automatically tried in the municipal court unless the defendant petitions the president judge to certify the case for trial in the court of common pleas. Appellant did not petition to have the case certified to the court of common pleas.

§ 711.18 (Supp. 1978–79), *repealed,* Act of April 28, 1978, P.L. 202, § 2(a). The prosecution maintained that the crossing out of the aggravated assault charge on the original information was a clerical error. The court permitted the amendment and trial continued, with appellant ultimately being convicted of reckless endangerment and aggravated assault. However, on December 7, 1977, in overruling appellant's post-trial motions, the court sua sponte arrested judgment on the aggravated assault conviction and sentenced appellant on the simple assault charge. Appellant has made no objection on appeal to that action of the court in arresting judgment. Appellant was sentenced to six (6) to twenty-three (23) months imprisonment on the reckless endangerment charge and two years probation on the simple assault charge.

Appellant's first assignment is that the lower court erred in denying his request to transfer the case to the Philadelphia Municipal Court. We disagree for two reasons.

■ First, Under Pa.R.Crim.P. 305, in effect at the time of appellant's trial in 1977, all pre-trial applications for relief were required to be in writing and made at least ten days prior to the commencement of trial. Appellant failed to abide by this procedure, and consequently his oral motion to transfer the case, made on the date of trial, was untimely.[6] Second, because the information was amended to charge the offense of aggravated assault, a felony, transfer to the municipal court would have been impossible. *See* Act of Oct. 17, 1969, *supra.* Appellant claims, however, that this amendment was improper under Pa.R.Crim.P. 229. Again, we disagree with appellant's analysis.

■ Pa.R.Crim.P. 229 provides that an information may be amended if "there is a defect in form, the description of the

---

6. We must also note that appellant's requested transfer did not call into question the jurisdiction of the court of common pleas, an issue that may be raised at any time. *See, e. g., Commonwealth v. Ziegler,* 251 Pa.Super. 147, 380 A.2d 420 (1977). Because the court of common pleas had concurrent jurisdiction with the municipal court, *see* note 5 *supra,* no question of jurisdiction is raised. *See Commonwealth v. Williams,* 230 Pa.Super. 344, 326 A.2d 902 (1974).

offense, the description of any person or any property, or the date charged, *provided the information as amended does not charge an additional or different offense.*" (emphasis added). "The purpose of Rule 229 is to insure that a defendant is fully appraised of the charges against him, and to avoid prejudice [arising from] the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Stanley,* 265 Pa.Super. 194, 212, 401 A.2d 1166, 1175 (1979) (footnote omitted).

Instantly, appellant was informed in the original complaint and at the arraignment and preliminary hearing that he was suspected of having committed the offenses of aggravated and simple assault. The information filed in June 1977, however, only charged simple assault, an offense that, for the purposes of this case, differs from aggravated assault only with respect to the intent of the criminal perpetrator and the seriousness of the injuries sustained by the victim. *See Commonwealth v. Alexander,* 477 Pa. 190, 383 A.2d 887 (1978); *Commonwealth v. Frank,* 263 Pa.Super. 452, 398 A.2d 663 (1979); *Commonwealth v. Wilks,* 250 Pa.Super. 182, 378 A.2d 887 (1977) (simple assault lesser included offense of aggravated assault). At trial, appellant's defense was that he had been taunted and attacked by a group of boys, and that he covered his face for protection and started swinging, thus striking the victim inadvertently. At no time did appellant defend the charges by challenging the severity of injuries to the victim.

Reviewing the above summary, we conclude that the court below did not err in permitting the information to be amended to charge aggravated assault. Appellant was fully informed of the events of his alleged offenses and was alerted at both the arraignment and preliminary hearing that he may have to defend against a charge of aggravated assault. Moreover, appellant's defense to the charges was not affected by permitting the amendment. Under similar circumstances, this court held that a showing of prejudice was not established and that the amendment was properly permitted. *See Commonwealth v. Stanley, supra.*

■ Appellant's second assignment of error is that the evidence was insufficient to support his conviction for the offense of recklessly endangering another person. In support of this proposition appellant advances two theories: first, that the offense is only committed when the victim is placed in danger of injury, but not when injury is actually inflicted; and second, that his actions did not place the victim in danger of suffering death or serious bodily injury as required by the statute. We find appellant's contentions to be without merit in that the finder of fact could have determined that victims other than the fourteen year old were placed in danger by appellant's actions.

■ In reviewing the sufficiency of the evidence, it is axiomatic that the evidence adduced at trial along with all reasonable inferences therefrom must be viewed in the light most favorable to the Commonwealth as verdict winner. *See, e. g., Commonwealth v. Mangini*, 478 Pa. 147, 386 A.2d 482 (1978). Moreover, it is within the province of the finder of fact to pass upon the credibility of the witnesses and the weight to be accorded the evidence presented. *See, e. g., Commonwealth v. Alston*, 461 Pa. 664, 337 A.2d 597 (1975). Viewed in this manner, the evidence was sufficient to sustain appellant's conviction on the charge of reckless endangerment.

Reckless endangerment is defined in 18 Pa.C.S. § 2705 as "conduct which places or may place another person in danger of death or serious bodily injury." Section 2705 is derived from section 211.2 of the Model Penal Code. The commentary to the Model Penal Code provides that section 211.2

"establishes a general prohibition of recklessly engaging in conduct which places or may place another person in danger of death or serious bodily injury. It does not require any particular person to be actually placed in danger, but deals with potential risks, as well as cases where a specific person actually is within the zone of danger."

48

Officer Eberhart, the arresting policeman, testified that he observed appellant standing in the midst of a large crowd of students waiting to pass through the turnstile in the subway station. Officer Eberhart witnessed appellant "take a swing into the crowd" and testified that he was "shouting into . . . and taunting the crowd, cursing and so forth." (N.T. 41–42). Appellant was also heard to shout at certain individuals in the crowd that "he was going to kick them, kill them and and [sic] he threatened one youth not to come to school tomorrow because he was going to kill him." (N.T. 45–46). Appellant testified that after he had been threatened by various youths he started swinging into the crowd indiscriminately; that he struck two separate individuals whom he did not know, that it was "whoever was in front of me." (N.T. 57).

██ Reviewing the above evidence, we conclude that while appellant may have only struck the victim and another unidentified individual, his action of swinging indiscriminately into a crowd of students was sufficient to establish beyond a reasonable doubt that he may have placed other persons in danger of serious bodily injury. In the same manner, the mere fact that the victim only sustained minor injuries and did not sustain "serious bodily injury" does not ipso facto establish that appellant's actions did not place others in danger of such injury. The evidence was, therefore, sufficient to sustain appellant's conviction for reckless endangerment.

██ Appellant's final contention is that the sentence was illegal because the crime of reckless endangerment and simple assault merged under the facts of the instant case.[7] Again, we disagree.

"The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether

7. This issue was not raised in the court below. Nevertheless, it may be addressed in this appeal since the question of the legality of a sentence is never waived. *See Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Wilks*, 250 Pa.Super. 182, 378 A.2d 887 (1977).

the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another . . .. The 'same transaction' test is valid only when 'transaction' means a *single act.*" *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 104, 21 A.2d 920, 921 (1941) (emphasis in original).

*See Commonwealth v. McCusker*, 363 Pa. 450, 70 A.2d 273 (1950); *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870 (1975). Moreover, "in order for one crime necessarily to involve another, the essential elements of one must also be essential elements of the other." *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 48, 391 A.2d 662, 666 (1978), *quoting Commonwealth v. Olsen*, 247 Pa.Super. 513, 520, 372 A.2d 1207, 1211 (1977). Appellant does not contend that the essential elements of the offenses are the same, thus mandating a merger of the two offenses. Instead, he asserts that under the facts of the instant case, the single act of punching the victim resulted in his conviction for multiple offenses. Again, we must conclude that appellant has failed to distinguish between his actions of recklessly punching into the crowd and his action in actually striking the victim.

Reckless endangerment and simple assault may both be committed if the defendant acts in a reckless manner. While 18 Pa.C.S. § 2705 speaks in terms of "recklessly engag[ing] in conduct which places or may place another person in danger of death or serious bodily injury", section 2701 defines simple assault as "recklessly caus[ing] bodily injury to another . . .." In light of the testimony presented at trial, the evidence was sufficient to establish that appellant perpetrated two separate crimes by his actions of swinging into the crowd and injuring the victim. In this respect, the case is distinguishable from *Commonwealth v. Belgrave, supra*, in which a single victim was beaten and no other individuals were endangered; accordingly, we found that the two offenses merged.

The judgment in the trial court is therefore affirmed.

HOFFMAN, J., files a concurring statement.

50

HOFFMAN, Judge, concurring:

Because of the language of the en banc opinion of this Court in *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979), I am compelled to agree with the conclusion of the majority of the panel. I believe, however, that the *Stanley* opinion constitutes an improper construction of the mandate of Rule 229 that an information may be amended only when "the information as amended does not charge an additional or different offense." I therefore concur in the result.