J-A08043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HESHAN WILSON | : | |
| | : | |
| Appellant | : | No. 2459 EDA 2016 |

Appeal from the Judgment of Sentence June 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001317-2016

BEFORE:   PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                          **FILED MAY 23, 2017**

Appellant Heshan Wilson appeals from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the trial court convicted Appellant of Recklessly Endangering Another Person ("REAP"), Resisting Arrest or Other Law Enforcement, and Disorderly Conduct.[1]  Appellant contends that there is insufficient evidence to support his REAP conviction.  We affirm.

The trial court aptly summarized the factual background as follows:

> On October 8, 2015, [Appellant] appeared before the Philadelphia Traffic Court to dispute a fine.  During his hearing, [Appellant] became very upset.  He yelled profanities at the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2705, 5104, and 5503(a)(1), respectively.

hearing officer, refused to answer the officer's questions, and refused to calm down. The officer denied [Appellant's] request to be placed on a payment plan for his fine, and [Appellant] responded by calling him a "pussy." The officer then ordered him to leave the courtroom. [Appellant] continued to yell insults and profanities as he turned to leave.

Deputy Sheriff Daniel Gissinger placed his hand on [Appellant's] back to escort him out of the courtroom. When they reached the doorway, [Appellant] shoved Gissinger's chest with both hands, causing Gissinger to stumble backward. He then grabbed [Appellant] and attempted to arrest him, and the two started fighting in the hallway. [Appellant] tried to strike Gissinger in the head with his elbow. Three other officers came to Gissinger's assistance, but it took at least two full minutes for all four officers to subdue him. [Appellant] continued to resist after his arrest. The officers had to lay him on the floor until he calmed down enough to be placed in a holding cell. [Appellant] continued to scream in the holding cell, claiming "I fucking hate cops, you know who the fuck I am? …" and threw his District Attorney badge at Gissinger.

Trial Court Opinion (T.C.O.), 9/15/16, at 2 (internal citations omitted).

At a bench trial held on June 30, 2016, Appellant was convicted of the aforementioned offenses, but acquitted of aggravated assault and simple assault.[2] On the same day, the trial court imposed an aggregate sentence of eighteen months' probation. On July 11, 2016, Appellant filed a post-sentence motion, which the trial court subsequently denied on July 13, 2016.[3] Appellant filed a timely appeal and complied with the trial court's

_____

[2] 18 Pa.C.S. §§ 2702(a), 2701(a), respectively.

[3] As a general rule, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1). However, we note that the ten day period for Appellant to file his post-sentence motion in this case ended on Sunday, July 10, 2016. When
*(Footnote Continued Next Page)*

direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's sole issue on appeal is a challenge to the sufficiency of the evidence supporting his REAP conviction. Our standard of review for sufficiency claims is as follows:

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

_(Footnote Continued)_ ───────────────

calculating a filing period, weekends and holidays are excluded from the computation. 1 Pa.C.S.A. § 1908. As a result, Appellant's motion was timely filed on Monday, July 11, 2016.

*Commonwealth v. Hecker*, 153 A.3d 1005, 1008 (Pa.Super. 2016) (citation omitted).

Section 2705 of the Crimes Code provides that an individual may be convicted of REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Specifically, Appellant alleges that he did not "place another person in danger of death or serious bodily injury when he squirmed and moved around as he was placed under arrest." Appellant's Br., at ii. In rejecting this argument, we find our prior decision in *Commonwealth v. Lawton*, 414 A.2d 658, 662 (Pa.Super. 1979) to be instructive. In *Lawton*, we emphasized that the REAP statute is derived from Section 211.2 of the Model Penal Code; the commentary to this section states that Section 211.2

> establishes a general prohibition of recklessly engaging in conduct which places or may place another person in danger of death or serious bodily injury. It does not require any particular person to be actually placed in danger, but deals with potential risks, as well as cases where a specific person actually is within the zone of danger."

*Id*. (citing Model Penal Code § 211.2). This Court sustained Lawton's conviction for reckless endangerment finding that Lawton's "action of swinging [his fists] indiscriminately into a crowd of students was sufficient to

- 4 -

establish beyond a reasonable doubt that he may have placed other persons in danger of serious bodily injury." **_Lawton_**, 414 A.2d at 662. Moreover, the panel in **_Lawton_** pointed out that the fact that the victim did not sustain "serious bodily injury," but escaped with only minor injuries did not change its conclusion that Lawton's actions placed others in danger of serious bodily injury. **_Id._**

Likewise, in this case, the trial court was justified in finding that Appellant recklessly placed another person in danger of serious bodily injury, setting forth its rationale as follows:

> In the instant matter, there was sufficient evidence to sustain [Appellant's] REAP conviction because [Appellant's] conduct recklessly endangered both the sheriffs and members of the public. Gissinger testified that [Appellant] shoved him in the chest with both hands, causing him to stumble. Counsels stipulated that "substantial force" would have been needed to knock over Gissinger. [Appellant] also attempted to strike him in the head with his elbow, which could have caused serious head injury had he succeeded. [Appellant's] actions were sufficiently violent that it required four sheriffs, struggling for "a good solid two minutes," to take him into custody. Furthermore, these actions all occurred in a crowded courtroom and hallway, putting bystanders at risk of being hurt during the fight.

T.C.O. at 4 (internal citations omitted). Accordingly, as we conclude that Appellant's challenge to the sufficiency of the evidence is meritless, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017