J-S34041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QUADIR EDWARDS, | |
| Appellant | No. 3075 EDA 2015 |

Appeal from the Judgment of Sentence September 11, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0013684-2014

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 07, 2017**

Appellant, Quadir Edwards, appeals from the judgment of sentence imposed following his bench trial conviction of simple assault, and recklessly endangering another person (REAP).  Appellant challenges the sufficiency of the evidence for REAP.  We affirm.

Appellant's conviction arose out of his assault of the victim, Robin Clark, then sixty-six years old, on August 30, 2014.[1]  (**See** N.T. Trial, at 8-13).  Appellant confronted the victim in an apartment hallway as she was knocking on the door of her son.  He repeatedly punched her about the head

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The docket confirms that Appellant was twenty-two at time of the crime, even though he later gave his age as twenty at the time of trial.  (**See** N.T. Trial, 3/30/15, at 4).

and body, kneed her, and forced his way into her son's apartment. Ms. Clark's two grown sons eventually subdued Appellant, (even though he continued to resist), and helped to hold him down once police arrived, so that he could be handcuffed and arrested. The victim suffered headaches and swelling to her face, but was not hospitalized.

The trial court convicted Appellant of simple assault, and REAP.[2] On re-sentencing (after vacating a previous improper sentence), it imposed a sentence of not less than three months' nor more than six months' incarceration. The court also imposed a term of eighteen months' consecutive reporting probation on the simple assault plus two years of reporting probation concurrent to the sentence for REAP. The court gave Appellant credit for time served. This timely appeal followed.[3]

Appellant raises one question for our review:

> Was not the evidence insufficient as a matter of law to sustain [A]ppellant's conviction for recklessly endangering another person where [A]ppellant did not cause serious bodily injury and did not place the complainant in danger of death or serious bodily injury when he struck her?

_____

[2] The trial court acquitted him of criminal trespass. Appellant was a tenant in the same apartment house.

[3] Appellant filed a court—ordered statement of errors complained of on appeal, on January 11, 2016. The trial court filed an opinion on May 19, 2016. **See** Pa.R.A.P. 1925.

(Appellant's Brief, at 3).[4]

Appellant's sole claim is a challenge to the sufficiency of the evidence for REAP. Our standard of review for a challenge to the sufficiency of the evidence is well-settled.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Hecker*, 153 A.3d 1005, 1008 (Pa. Super. 2016) (citation omitted).

---

[4] Appellant does not challenge his conviction of simple assault. (*See* Appellant's Brief, at 7).

Section 2705 of the Crimes Code provides that an individual may be convicted of REAP "if he recklessly engages in conduct which places **or may place** another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705 (emphasis added). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

Here, Appellant argues that even though the victim suffered swelling to her face, there is no evidence that she was in danger of dying or suffering from permanent disfigurement. (*See* Appellant's Brief, at 7). He maintains that he did not expose her to any "grave, life-threatening risks." (*Id.*). Therefore, he concludes, the evidence was insufficient to prove REAP, and his conviction for that offense should be vacated. We disagree.

In *Commonwealth v. Lawton*, 414 A.2d 658, 662 (Pa. Super. 1979), this Court noted that the REAP statute is derived from Section 211.2 of the Model Penal Code. We find the commentary to that section instructive. It explains that Section 211.2:

> establishes a general prohibition of recklessly engaging in conduct which places **or may place** another person in danger of death or serious bodily injury. It does not require any particular person to be actually placed in danger, but deals with potential risks, as well as cases where a specific person actually is within the zone of danger.

*Lawton*, *supra* at 662 (citing Model Penal Code § 211.2) (emphasis added).

This Court sustained Lawton's conviction for reckless endangerment, deciding that Lawton's "action of swinging [his fists] indiscriminately into a crowd of students was sufficient to establish beyond a reasonable doubt that he may have placed other persons in danger of serious bodily injury." *Id.* Moreover, the panel in *Lawton* pointed out that the fact that the victim did not sustain "serious bodily injury," but escaped with only minor injuries did not change its conclusion that Lawton's actions placed others **in danger of** serious bodily injury. *Id.*

Similarly, in this case, the trial court, sitting as factfinder, properly found that Appellant's repeated body blows to the victim, as well as his punches to her head, could have resulted in damage or trauma to her, in particular to her brain. (*See* Trial Court Opinion, 5/19/16, at 8). The Commonwealth proved all the elements of REAP, beyond a reasonable doubt. Appellant's culpability is not reduced by the fortunate happenstance that two of the victim's grown sons were home, allowing them to subdue him after he intruded into the apartment, and prevent further unprovoked violence to their mother.

Appellant's challenge to the sufficiency of the evidence does not merit relief. We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/7/2017