J-S52025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT HAYWARD | : | |
| | : | |
| Appellant | : | No. 3035 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 18, 2018,
In the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0004934-2017.

BEFORE: OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED DECEMBER 12, 2019**

Robert Hayward appeals from the judgment of sentence imposed after the trial court convicted him of aggravated assault (F2), simple assault, recklessly endangering another person (REAP), and possession of an instrument of crime (PIC).[1] On appeal, Hayward challenges the sufficiency of the evidence to support his convictions for aggravated assault and REAP. After careful review, we affirm.

Briefly, the relevant facts leading to Hayward's convictions follow. On May 23, 2017, Hayward failed to stop at a stop sign and rear-ended Lakisha Bethea near the intersection of 25th and Huntingdon Streets in Philadelphia. Hayward and Bethea got out of their cars to assess the damage. Hayward was irate and started yelling at Bethea in a threatening manner. In the victim's

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2705, 2701(a), and 907(a).

words, Hayward said, "B, you hit my car. You don't know who you f'ing with." He then grabbed her by her hair and started punching her in the face. Although Bethea tried to get him off of her, Hayward overpowered her; Bethea was only about 150 pounds and 5' 2". He continued to yell at her, "B[], you don't know me. I will kill you." Hayward then grabbed a stick, which was 3 feet long and about 1 ½ inches in diameter and wrapped in black tape, from his vehicle and rammed it into Bethea's head twice. As traffic approached and onlookers yelled at Hayward to stop, he took off in his car. Shortly thereafter, the police apprehended Hayward and recovered the stick he used to hit Bethea.

As a result of Hayward's attack, Bethea's face was swollen and cut; her tooth also was chipped. At the hospital, Bethea was given liquid stitches for the cut and an ice pack for the swelling. She sustained no other head injury or fractures. Following the attack, Bethea suffered from back pain, which required physical therapy, and panic attacks.

The court conducted a bench trial and found Hayward guilty of aggravated assault with a deadly weapon, a felony of the second-degree, simple assault, REAP, and PIC; he was acquitted of aggravated assault, a felony of the first-degree. Hayward was sentenced to 32 to 120 months of incarceration on the aggravated assault charge and 15 to 60 months of incarceration on the PIC charge, to run concurrently. No additional penalty was imposed on the REAP charge; the simple assault conviction merged.

Hayward filed a post-sentence motion, which was denied by operation law. Hayward timely appealed. Both Hayward and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Hayward raises the following two issues for our review:

A. Was not the evidence insufficient to convict [Hayward] of aggravated assault as a felony of the second degree where the stick employed by [Hayward] to strike [Bethea] was not used to produce death or serious bodily injury, and thereby did not constitute a deadly weapon?

B. Was not the evidence insufficient to convict [Hayward] of recklessly endangering another person where [Hayward] did not place [Bethea] in fear of death or serious bodily injury?

Hayward's Brief at 3.

In both of his issues, Hayward challenges the sufficiency of the evidence. When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." *Commonwealth v. Thomas*, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Commonwealth v. Brown*, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth*

*v. Vargas*, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*).  Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder."  *Id*.  A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary.  *Commonwealth v. Jacoby*, 170 A.3d 1065, 1076 (Pa. 2017).

Hayward first contends that the evidence was insufficient to support his conviction for aggravated assault (F2).  Specifically, he argues that his assault of Bethea did not involve a deadly weapon.  According to Hayward, because the stick he used to hit Bethea did not cause death or serious bodily injury, the trial court erred in classifying it as a deadly weapon.  Therefore, his conviction should be vacated.  Hayward's Brief at 8.  We disagree.

A person is guilty of aggravated assault (F2) if he attempts to cause or intentionally or knowingly causes bodily injury[2] to another with a deadly weapon.  18 Pa.C.S.A. § 2702(a)(4).  A deadly weapon as it pertains to assault offenses is "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, *or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury*."  18 Pa.C.S.A. § 2301 (emphasis added).

---

[2] Bodily injury is "[i]mpairment of physical condition or substantial pain."  18 Pa.C.S.A. § 2301.

What constitutes a "dangerous weapon" depends not on the nature of the object itself, **but on its capacity given the manner of its use, to endanger life or inflict great bodily harm**." *Commonwealth v. McCullum,* 602 A.2d 313 (Pa. 1992) (emphasis added). Thus, an ordinary item may be considered a deadly weapon under certain circumstances. *Commonwealth v. Prenni*, 55 A.2d 532, 533 (Pa. 1947); *e.g.*, *Commonwealth v. Pepperman*, 45 A.2d 35 (Pa. 1946) (holding that even a bedroom slipper can constitute a dangerous or deadly weapon based upon the force exerted to beat a man to death with it). Based upon our review of the record, we conclude that the Commonwealth presented sufficient evidence for the trial court to find that the stick which Hayward hit Bethea with constituted a deadly weapon, given the manner in which it was used.

Here, the evidence showed that Hayward was irate after he rear-ended Bethea. He yelled at her and threatened to kill her. He grabbed Bethea by the hair and repeatedly punched her, leaving her dazed and confused. Hayward then took a stick, which was substantial in size, and forcefully rammed it against Bethea's head. Thus, considering Hayward's demeanor, his statements, and his forceful use of the stick on a vital part of Bethea's body, the stick constituted a deadly weapon.

This conclusion is warranted even though Bethea did not actually sustain serious bodily injury as Hayward contends. Whether a particular object actually causes serious injury or death is irrelevant. Instead, the critical consideration is whether the object as used had the capacity to cause serious

bodily injury or death. ***See McCullum, supra***; ***Commonwealth v. Raybuck***, 915 A.2d 125 (Pa. Super. 2006) (holding that mouse poison put in a sandwich was a deadly weapon even though the amount was insufficient to cause serious bodily injury). Under the circumstances, as discussed above, Hayward's use of the stick to hit Bethea in the head, in his state of mind, certainly was capable of causing much more serious injuries, even death, which is sufficient to establish that the stick was a deadly weapon.

Thus, viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain Hayward's conviction for aggravated assault (F2). Accordingly, Hayward's first issue entitles him to no relief.

Hayward next contends that the evidence was insufficient to support his conviction for REAP. Specifically, he argues that the evidence failed to establish that Bethea was in danger of death or seriously bodily injury. Primarily, he bases this contention on the fact that he did not swing the stick at Bethea or use great force. Consequently, his conviction for REAP should be vacated. Hayward's Brief at 14. Again, we disagree.

The Pennsylvania Crimes Code defines recklessly endangering another person as follows:

> A person commits a misdemeanor of the second degree if he recklessly engages in conduct **which places or may place** another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705 (emphasis added). When making this determination, we are mindful of the following:

> Our law defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." To sustain a conviction under section 2705, the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created. The *mens rea* for recklessly endangering another person is "a conscious disregard of a known risk of death or great bodily harm to another person."

*Commonwealth v. Hopkins*, 747 A.2d 910, 915–916 (Pa. Super. 2000) (internal citations omitted). Based on our review of the record, we conclude that the Commonwealth presented sufficient evidence for the trial court to conclude that Hayward's actions created a situation which placed or could have placed Bethea in danger of serious bodily injury or death as contemplated by this offense.

As noted above, Hayward was angry after the accident. He repeatedly punched Bethea in the face, and then rammed a substantial stick into the side of her head. The head is a vital part of the body, susceptible to severe, even life threatening, trauma, particularly when force, such as Hayward used, is exerted on it. Under these circumstances it is evident that Hayward had the actual ability to harm Bethea. We therefore conclude that by hitting Bethea in the head, Hayward placed, or certainly may have placed, Bethea in danger of death or serious bodily injury. Again, the fact that Bethea only sustained minor injuries and did not sustain "serious bodily injury" does not *ipso facto*

establish that Hayward's actions did not place her in danger of such injury. *See Commonwealth v. Lawton*, 414 A.2d 658, 662 (Pa. Super. 1979). To the contrary, by hitting Bethea in the head with a stick, when in a state of rage, Hayward put Bethea in danger of death or serious bodily injury.

Thus, viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain Hayward's conviction for recklessly endangering another person. Accordingly, Hayward's second issue also entitles him to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/19