J-S10003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL A. GEARY | : | |
| | : | |
| Appellant | : | No. 1604 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007235-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARYL A. GEARY | : | |
| | : | |
| Appellant | : | No. 1605 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 17, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007236-2021

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.: **FILED MAY 15, 2023**

Daryl A. Geary brings these consolidated appeals following his convictions of multiple crimes relating to assaults committed against his paramour, I.B., and her eleven-year-old daughter, A.W., during an argument that began through text messages. We affirm.

On June 23, 2021, while I.B. was at work, Geary began an argument through text messages. I.B. finished work at 5:00 p.m., picked up her children from daycare, and went to her home. Geary was there waiting for her. The two continued their argument until I.B. left to take her children to the park. I.B. returned home to discover that Geary had left. However, Geary began to call I.B. multiple times, to the point that she feared for her safety, and phoned the police.

A short time later Geary reappeared at the home, gained entry, and verbally and physically attacked I.B. Geary then turned his attacks on A.W. At one point, Geary picked A.W. up by her neck, threw her to the floor, and kicked her ribs. Geary also removed his belt and hit A.W. several times. When I.B. tried to intervene, Geary grabbed her by the neck with his open hand, and threw her backwards. Police then arrived at the scene.

At trial court docket number 7235, in relation to the attack upon A.W., Geary was charged with aggravated assault, endangering the welfare of children, possessing an instrument of crime, simple assault, and recklessly endangering another person ("REAP"). For the conduct committed against I.B., Geary was charged at trial court docket number 7236 with simple assault and REAP. At the conclusion of a nonjury trial, Geary was convicted of all charges, save for the crime of endangering the welfare of children. On March 17, 2022, the trial court sentenced Geary to serve an aggregate term of incarceration of four and one-half to nine years, followed by a term of

probation of four years. The trial court denied Geary's timely post-sentence motions. This appeal followed.[1]

Geary presents two issues for our review. Initially, he asserts that there was insufficient evidence to support his conviction of REAP for the conduct exhibited against I.B. He also challenges whether the weight of the evidence supports his conviction of aggravated assault for the actions perpetrated upon A.W.

Geary first argues that his conviction of REAP regarding I.B. was not supported by sufficient evidence. *See* Appellant's Brief at 13-18. He claims that "[t]he Commonwealth did not prove beyond a reasonable doubt that [I.B.] was in actual danger of death or serious bodily injury[,] nor was it proven that [Geary] had a conscious disregard for a known risk of such danger." *Id*. at 13. Geary maintains that "[w]hile [his] behavior certainly should not be condoned, the behavior was not so egregious as to result in a criminal conviction of REAP." *Id*. at 18.

When challenging the sufficiency of the evidence on appeal, an appellant must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008) (finding waiver of

---

[1] Geary filed two notices of appeal, one from each of the trial court docket numbers. On August 30, 2022, this Court entered an order consolidating the appeals.

sufficiency of evidence claim where the appellant failed to specify in Rule 1925(b) Statement the elements of particular crime not proven by the Commonwealth). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (finding sufficiency claim waived under *Williams* for failure to specify either in Rule 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt).

The crime of REAP is satisfied where a defendant "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

> Our law defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." To sustain a conviction under section 2705, the Commonwealth must prove that the defendant had an actual present ability to inflict harm and not merely the apparent ability to do so. Danger, not merely the apprehension of danger, must be created. The *mens rea* for recklessly endangering another person is "a conscious disregard of a known risk of death or great bodily harm to another person."

*Commonwealth v. Hopkins*, 747 A.2d 910, 915-916 (Pa. Super. 2000) (internal citations omitted). Importantly, the statute does not require any particular person to be actually placed in danger, but deals with potential risks, as well as cases where a specific person actually is within the zone of danger. *See Commonwealth v. Lawton*, 414 A.2d 658, 662 (Pa. Super. 1979).

The trial court offered the following in support of its determination that the Commonwealth presented sufficient evidence to establish the crime of REAP:

Here, there was sufficient evidence to convict [Geary] beyond a reasonable doubt of recklessly endangering [I.B.] because [Geary's] actions of grabbing [I.B.] around the neck and throwing her backwards placed her in danger of death or serious bodily injury. When announcing its verdict, the trial court detailed its reasoning for convicting [Geary] of REAP:

The Court: As to [I.B.'s] transcript...the REAP is, to put your hands on anyone's neck, you don't know what kind of damage that could do. And to then throw them causing her to trip over things behind her that she can't see; she could have hit her head, she could have loss [sic] consciousness from the hand on the neck.

N.T. 3/14/2022 at 131-132. While ultimately no death or serious bodily injury occurred because of [Geary's] conduct, it easily could have. This is sufficient to convict [Geary] of REAP beyond a reasonable doubt.

Trial Court Opinion, 8/3/22, at 5.

Likewise, our review of the record supports the conclusion reached by the trial court. I.B. testified that, at one point during the incident "[Geary] turned around and placed his hands on [my neck] and threw me back, and I went flying back." N.T., 3/14/22, at 69. In addition, A.W. testified that she saw Geary "grab [I.B.] by her neck and throw her down[.]" *Id*. at 37. Further, I.B. explained that the incident occurred after Geary had escalated the argument into a physical altercation that included A.W. as well. Specifically, I.B. testified, "When he was hurting [A.W], that's when I tried to intervene. And that's when I got the...to the neck and flew back." *Id*. at 70.

Viewing the evidence in the light most favorable to the Commonwealth, we discern no error by the trial court in finding that the evidence was sufficient

to support the conviction of REAP. In this case, the trial court properly found that Geary's actions of grabbing I.B. by the neck and forcing her backwards, could have resulted in damage or trauma to her. The neck is a vital part of the body, susceptible to severe, even life threatening, trauma, particularly when force, such as Geary used, is exerted on it. **See**, **e.g.**, **Commonwealth v. Johnson**, 107 A.3d 52, 67 (Pa. 2014) (observing that the neck is a vital part of the body). Under these circumstances it is evident that Geary had the actual ability to harm I.B. Geary's culpability is not reduced by the fortunate coincidence that I.B. did not suffer a serious bodily injury. We therefore conclude that by grabbing I.B. by the neck and pushing her backwards, Geary placed, or may have placed, I.B. in danger of death or serious bodily injury. By committing these actions against I.B., when in a state of anger, Geary placed her in danger of death or serious bodily injury. Accordingly, the Commonwealth proved the necessary elements of REAP beyond a reasonable doubt.

Geary last argues that the trial court erred in denying his motion challenging the weight of the evidence to support his conviction of aggravated assault for the conduct inflicted upon A.W. **See** Appellant's Brief at 18-23. In this claim, Geary focuses his argument on the fact that, although both A.W. and I.B. testified that Geary kicked A.W. in the ribs multiple times, that fact "was not borne out by the Commonwealth's medical and photographic evidence." **Id**. at 19. Geary notes that the records indicated abrasions and

bruising on the neck, arms, and legs, which supports his testimony denying he kicked A.W. in the ribs. *See id*. at 21. He concludes that the trial court should have rejected "A.W.'s testimony concerning [Geary] repeatedly kicking her in the ribs." *Id*. at 23.

The weight of the evidence is exclusively for the finder of fact who is free to believe all, part or none of the evidence and to determine the credibility of witnesses. *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (citation omitted). When considering a motion that a verdict was against the weight of the evidence, a "trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Chamberlain*, 30 A.3d 381, 396 (Pa. 2011) (citation omitted).

This Court's standard of review of a trial court's decision regarding a weight of the evidence claim is limited to determining whether the trial court palpably abused its discretion in concluding that the verdict was or was not against the weight of the evidence. *See Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015) (citation omitted). "One of the least assailable reasons for

granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations omitted)

The trial court, sitting as the finder of fact, chose to believe the evidence presented by the Commonwealth and the logical inferences derived therefrom, as was its right. In addressing Geary's challenge to the weight of the evidence and the alleged conflicting evidence, the trial court cited to the testimony of both A.W. and I.B. and stated that it "found [Geary's] testimony to be incredible." Trial Court Opinion, 8/3/22, at 7. The trial court pointed out the following statement that it made at the time that the verdict was rendered: "I absolutely believe the testimony of the child and the mother about the kicking to the ribs. The medical records, I recognize [don't] have the bruising on the ribs, but I absolutely believe the testimony of them to be credible." ***Id***. at 8 (quoting N.T., 3/14/22, at 133).

It was within the province of the trial court as factfinder to resolve all issues of credibility, resolve any conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence, and ultimately adjudge Geary guilty. The court weighed the evidence and concluded Geary kicked A.W. in the ribs multiple times, thereby committing the crime of aggravated assault. The trial court did not err in concluding the verdict was not so contrary to the evidence so as to shock one's sense of

justice. Accordingly, we conclude that the trial court did not abuse its discretion in determining Geary's weight of the evidence claim lacks merit.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2023