J-S60009-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD PATTERSON, | |
| Appellant | No. 1758 WDA 2016 |

Appeal from the Judgment of Sentence September 29, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000052-2014

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD ANSEL PATTERSON, | |
| Appellant | No. 1759 WDA 2016 |

Appeal from the Judgment of Sentence September 29, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001637-2013

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD ANSEL PATTERSON, | |
| Appellant | No. 1760 WDA 2016 |

J-S60009-17

Appeal from the Judgment of Sentence September 29, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0002259-2013

BEFORE:  OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    FILED DECEMBER 21, 2017

Appellant, Ronald Patterson, appeals from the judgment of sentence entered on September 29, 2016, following his jury trial convictions for various crimes related to incidents of domestic abuse against a single victim.  Upon review, we vacate Appellant's conviction and sentence for resisting arrest and affirm Appellant's remaining convictions.

We briefly summarize the facts and procedural history of this case as follows.  On June 1, 2013, police responded to an anonymous call that a woman was heard screaming inside a residence.  When police arrived they heard the screaming and knocked on the door.  Appellant opened the door and had blood on his face, but would not let the officers enter despite their request to do so.  The officers dragged Appellant out of the residence, handcuffed him while he struggled, and eventually arrested him.

On August 28, 2013, police responded to the same residence.  Upon their arrival, the victim was bleeding from her nose and had obvious signs of additional facial injuries.  Police took Appellant into custody.

On December 20, 2013, police were again called to the same residence after receiving a telephone call that Appellant was beating the victim with a

_____

* Former Justice specially assigned to the Superior Court.

- 2 -

cane. The police witnessed noticeable head injuries to the victim and arrested Appellant. In that case, the police also recovered drug paraphernalia.

As a result of the foregoing, the Commonwealth charged Appellant via three, separate criminal informations:

> At docket number 1637 of 2013, [Appellant] was charged with aggravated assault and resisting arrest [for the June 1, 2013 incident]. At docket number 2259 of 2013, [Appellant] was charged with simple assault and harassment [for the August 28, 2013 incident]. At docket number 52 of 2014, [Appellant was charged with the following five counts: (1) simple assault; (2) use or possession of drug paraphernalia; (3) disorderly conduct (engage in fighting); (4) disorderly conduct (obscene language/gesture); and (5) disorderly conduct (creation of a hazardous or physically offensive condition) [for the December 20, 2013 incident].

Trial Court Order, 10/19/2016, at 1 (offense grading omitted). The cases were consolidated for trial.

Pertinent to this appeal, on February 28, 2014, Appellant filed an omnibus pre-trial habeas corpus motion seeking dismissal of the resisting arrest charge, among other charges, arguing the Commonwealth failed to present sufficient evidence to establish a prima facie case. By order entered on February 28, 2014, the trial court scheduled a hearing on the motion for March 3, 2014. The trial court granted the Commonwealth's motion for a continuance and ordered that the hearing be rescheduled for April 17, 2014. By order entered on April 22, 2014, the trial court granted Appellant partial relief and dismissed "the charge of resisting arrest at docket [number] 1637-2013 and three counts of disorderly conduct at docket [number] 52-2014."

Trial Court Order, 4/22/2014, at 1.  The trial court further noted in its order that, "the Commonwealth withdrew the charge of resisting arrest and the same was noted on the record."  Id. at 5.

On October 21, 2014, pursuant to Pa.R.Crim.P. 600, Appellant orally moved to dismiss the charges at docket number 1637 of 2013 and docket number 2259 of 2013 for failure to commence trial within 365 days of the filing of the criminal complaints.  The trial court denied relief by order and opinion on October 24, 2014.

On October 27, 2014, a jury trial commenced.  Appellant was found guilty of all charges at docket numbers 2259 of 2013 and 1637 of 2013 (including resisting arrest), and guilty of simple assault at docket number 52 of 2014.

On January 28, 2015, the trial court sentenced Appellant as follows:

(i)     At docket number 1637 of 2013:  Confinement for period of thirty-three (33) to sixty-six (66) months on the charge of aggravated assault.  Confinement for a period of nine (9) to eighteen (18) months on the charge of resisting arrest to run consecutively to the aggravated assault charge.

(ii)    At docket number 2259 of 2013:  Confinement for a period of one (1) to two (2) years on the charge of simple assault and a fine of $150[.00] on the charge of harassment.

(iii)   At docket number 52 of 2014:  Confinement for a period of one (1) year to two (2) years on the charge of simple assault to run consecutively to the sentences at 1637 of 2013 and 2259 of 2013.

Id. at 2 (footnote omitted).

On June 21, 2016, the trial court reinstated Appellant's appellate rights nunc pro tunc and, thereafter, Appellant filed a timely post-sentence motion. The trial court partially granted Appellant relief and ordered resentencing. On September 29, 2016, the trial court imposed the identical sentence. This timely appeal followed.[1]

On appeal, Appellant presents the following issues for our review:

I.      Whether the trial court erred in denying [Appellant's] Rule 600 motion where the court wrongly calculated the amount of excludable time (and thus, improperly determined [Appellant's] adjusted run dates), [Appellant] was brought to trial after his adjusted run dates, and the Commonwealth failed to show due diligence in attempting to timely bring [Appellant] to trial?

II.     Whether the trial court had subject matter jurisdiction to try and convict [Appellant] of resisting arrest where the court had dismissed said charge prior to trial?

III.    Whether the Commonwealth presented sufficient evidence to convict [Appellant] of resisting arrest where it failed to prove [Appellant] created a substantial risk of bodily injury to law enforcement or that [Appellant] employed means justifying law enforcement's use of substantial force to overcome him?

IV.     Whether the trial court abused its discretion in admitting prior bad acts evidence where the court failed to perform the proper analysis for determining the admissibility of the

_____

[1] Appellant filed a notice of appeal on November 17, 2016. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, on November 17, 2016, the trial court issued an opinion which merely "incorporate[d] the explanatory orders dated August 17, 2016, and October 18, 2016 [written in response to the two post-sentence motions] as its 1925(a) opinion for [our] review." Trial Court Opinion, 11/17/2016, at *1.

same, i.e., the court did not weigh the probative value of said evidence against its prejudicial nature?

V.    Whether the trial court abused its discretion in consolidating the cases against [Appellant] where the offenses involved were not based on the same act or transaction and the danger of confusion to the jury was so great that it would not have been capable of separating the evidence of each offense?

Appellant's Brief at 7-8 (complete capitalization, footnote, and suggested answers omitted).

In his first issue presented, Appellant argues that the trial court abused its discretion in dismissing his motion to dismiss the charges pursuant to Pa.R.Crim.P. 600. Appellant's Brief at 29-39. He claims that he was not tried within 365 days of the filing of the criminal complaints at both docket number 1637 of 2013 and docket number 2259 of 2013. Id. at 29. Appellant contends that the trial court erred in excluding the following periods of time in its analysis, as provided under Rule 600: (1) 22 days for the magisterial district justice's continuance of the preliminary hearing due to scheduling conflicts at docket number 1637 of 2013; (2) the time between Appellant's filing of an omnibus pre-trial motion, in each case, and the trial court's disposition thereof; (3) the month of August 2013, in both cases, because there was no August criminal trial term in Washington County, and; (4) 14 days, at both docket numbers, when Appellant's counsel withdrew and new counsel was appointed. Id. at 29-36. Further, Appellant contends that "[t]he Commonwealth never even contended that it was prepared to – or made an effort to – call [Appellant's] case to trial before the actual October 2014 trial

date." Id. at 38. In sum, Appellant argues that "only 2 days should have been excluded from each case" and, as such, the trial court erred by not dismissing both causes of action. Id. at 37, 39.

Our standard of review is as follows:

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

Commonwealth v. Wendel, 165 A.3d 952, 955–956 (Pa. Super. 2017) (internal citation and brackets omitted).

We have reviewed the certified record, the parties' briefs, the relevant law, and the trial court's order and opinion entered on October 24, 2014 denying Appellant relief on his Rule 600 claim. Upon review of the legal authority cited by the trial court, we discern no abuse of discretion or error of law and conclude that the trial court properly considered Rule 600. The order and opinion meticulously, thoroughly, and accurately disposes of Appellant's Rule 600 claim. Therefore, we affirm this issue on the basis of the trial court's opinion and adopt it as our own.[2] Because we have adopted the trial court's October 24, 2014 decision, we direct the parties to include the order and opinion in all future filings relating to our examination of the merits of this appeal, as expressed herein.

On his second claim presented, Appellant claims that the jury convicted him of resisting arrest despite dismissal of the charge prior to trial. In sum, Appellant argues:

> [Appellant] should [] be discharged from his resisting arrest conviction [at docket number 1637 of 2013]. Simply put, the trial court lacked subject matter jurisdiction over said offense at the time of trial because the offense had been dismissed as a result

---

[2] We note that the trial court's order and opinion contains a typographical error with regard to a legal citation. Commonwealth v. Cook, 554 Pa. 361 (1996) should read, 544 Pa. 361. Moreover, we reject Appellant's suggestion that the Commonwealth made no effort to call his case to trial prior to October 2014. At a hearing on a motion for nominal bond, held on July 31, 2014, the Commonwealth stated that it was prepared to go to trial in September 2014. N.T., 7/31/2014, at 11.

of [Appellant's] omnibus pre-trial motion. [Appellant], therefore, could not be validly convicted of resisting arrest.

Id. at 27.

Moreover, herein, the Commonwealth concedes in its brief "that the record is clear that the [t]rial [c]ourt granted [Appellant's] motion for writ of habeas corpus as to the charge of resisting arrest or other law enforcement" by "opinion dated April 21, 2014[.]" Commonwealth's Brief at 25. The Commonwealth argues alternatively, however, that there was sufficient evidence presented at trial to support a resisting arrest conviction. Id. at 25-26.

Upon review, it appears that the trial court dismissed the resisting arrest charge prior to trial and, therefore, Appellant could not later be convicted of that offense for lack of subject matter jurisdiction. In the case sub judice, as stated previously, Appellant filed an omnibus pre-trial motion, on February 28, 2014, which, inter alia, sought to "dismiss [Appellant's] charge[] of [] [r]esisting [a]rrest as the Commonwealth is unable to establish sufficient evidence of said charge[]." Omnibus Pre-trial Motion, 2/28/2014, at 1. A hearing on Appellant's habeas corpus motion was scheduled for April 17, 2014. Ultimately, the trial court entered an order on April 22, 2014, purporting to dismiss "the charge of resisting arrest at docket [number] 1637-2013[.]" Trial Court Order, 4/22/2014, at 1. The trial court further noted in its order that, "the Commonwealth withdrew the charge of resisting arrest and the same was noted on the record." Id. at 5. Nonetheless, the case proceeded to trial and a jury convicted Appellant of that offense.

"The law is clear … that a court is without jurisdiction to convict a defendant of a crime for which he was not charged, and a challenge to a court's subject matter jurisdiction is not waivable." Commonwealth v. Serrano, 61 A.3d 279, 287 (Pa. Super. 2013). "[S]ubject matter jurisdiction may be raised for the first time on appeal." Commonwealth v. Williams, 326 A.2d 902, 905 (Pa. Super. 1974). "There are two requirements for subject matter jurisdiction as it relates to criminal defendants: competency of the court to hear the case, and formal and specific notice to the defendant." Commonwealth v. McGarry, 2017 WL 4562726, at *3 (Pa. Super. 2017) (citation omitted). Under the Pennsylvania Rules of Criminal Procedure, dismissed or withdrawn charges are treated as charges that have been omitted from the criminal information. See Pa.R.Crim.P. 561. In turn, any prior notice that the Commonwealth gave with regard to a withdrawn charge was, likewise, formally withdrawn, as well. Therefore, it follows that if a defendant is convicted of an offense not included in the criminal information, he did not have proper notice, and the trial court lacked subject matter jurisdiction over the offense.

Here, upon review of the record, the trial court entered an order that the resisting arrest charge was withdrawn/dismissed prior to trial. Appellant was subsequently convicted and sentenced on that charge, despite the trial court's prior ruling. Moreover, it does not appear that the Commonwealth moved to amend the criminal information, requested that the trial court formally reconsider its prior ruling, or appealed the trial court's order

- 10 -

dismissing the resisting arrest charge. In fact, in its appellate brief, the Commonwealth concedes that the trial court dismissed the resisting arrest charge prior to trial. See Commonwealth's Brief at 25. Accordingly, because the resisting arrest charge was dismissed prior to trial, the trial court must vacate Appellant's subsequent conviction and sentence for that offense because it lacked subject matter.

Furthermore, the trial court sentenced Appellant on the resisting arrest conviction to a term of incarceration that was consecutive to sentences for other convictions. Because we are constrained to vacate Appellant's judgment of sentence, we have upset the trial court's overall sentencing scheme, and resentencing is warranted. See Serrano, 61 A.3d at 287-288, citing Commonwealth v. Sutton, 583 A.2d 500, 502 n.2 (Pa. Super. 1990) ("Where one, convicted of several crimes, successfully challenges his judgment of sentence on appeal, remand for resentencing may be just under the circumstances, as it may further the sentencing court's plans for protection of society from future criminal activity and rehabilitation of the criminal and reduce the possibility of disparate and irrational sentencing.").

Appellant alternatively challenges the sufficiency of the evidence to support his resisting arrest conviction in his third issue on appeal. Appellant's Brief at 43-49. In light of our disposition of Appellant's second issue, however, we need not reach this claim.

In his fourth issue presented, Appellant argues that the trial court abused its discretion in allowing the Commonwealth to use evidence of

Appellant's prior bad acts under Pa.R.E. 404(b). Id. at 50-55. He avers that the trial court did not weigh the probative value of the evidence with its prejudicial effect. Id. at 52.

"The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." Commonwealth v. Ivy, 146 A.3d 241, 250 (Pa. Super. 2016) (internal citation omitted).

Rule 404(b) of the Rules of Evidence provides, in relevant part:

(b) Crimes, Wrongs or Other Acts.

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b).

"Evidence of a defendant's distinct crimes are not generally admissible against a defendant solely to show his bad character or his propensity for committing criminal acts, as proof of the commission of one offense is

not generally proof of the commission of another." Commonwealth v. Yocolano, 169 A.3d 47, 54 (Pa. Super. 2017) (citation omitted) (emphasis in original). "However, this general proscription against admission of a defendant's distinct bad acts is subject to numerous exceptions if the evidence is relevant for some legitimate evidentiary reason and not merely to prejudice the defendant by showing him to be a person of bad character." Id. "[T]he res gestae exception to the general proscription against evidence of other crimes, is also known as the complete story rationale, i.e., evidence of other criminal acts is admissible to complete the story of the crime on trial by proving its immediate context of happenings near in time and place." Id. "Where the res gestae exception is applicable, the trial court must balance the probative value of such evidence against its prejudicial impact [by] consider[ing] factors such as the strength of the other crimes evidence, the similarities between the crimes, the time lapse between crimes, the need for the other crimes evidence, the efficacy of alternative proof of the charged crime, and the degree to which the evidence probably will rouse the jury to overmastering hostility." Id. (citation omitted).

Here, while the trial court did not explicitly state that the proffered evidence's probative value outweighed its potential for prejudice, the trial court's decision implicitly demonstrates that it considered Appellant's contentions. First, the trial court identified the Commonwealth's proffered evidence and determined that it consisted of "seven incidents reported to law enforcement officials regarding disputes involving [Appellant] and the alleged

victim[.]" Trial Court Order and Opinion, 10/24/2014, at 2. Attached to its Rule 404(b) motion, the Commonwealth appended a copy of each of the seven proffered police incident reports. Upon review, each of the seven incidents occurred within two years of the crimes charged. In each instance, anonymous calls of domestic violence resulted in police intervention at the same residence and involved the same victim in this case. Thus, we conclude that the trial court considered the strength of the other crimes evidence (police incident reports), the similarities between the crimes (domestic violence against the same victim, at the same residence), and the time lapse between crimes (all within 2 years) in permitting the evidence. Moreover, the trial court noted that at docket number 2259 of 2013, Appellant was charged with harassment, which required evidence of a course of conduct or a repetitive pattern of behavior. Id. Thus, it concluded that there was a need for the prior crimes evidence. Ultimately, the trial court concluded that the prior bad acts were "not being used for the sole purpose of demonstrating [Appellant] has a bad character or criminal propensity." Id. Therefore, we conclude that by permitting the prior bad acts evidence to be admitted at trial, the trial court implicitly determined the evidence would not rouse the jury to overmastering hostility. Upon review, we discern no abuse of discretion. Finally, we note that at the time of trial court's 404(b) decision, it had the benefit of a memorandum of law filed by Appellant arguing that the prejudice outweighed the probative value. We presume the trial court was aware of the relevant arguments before rendering its decision.

In his final issue presented, Appellant contends that the trial court erred in consolidating the cases for trial because "[t]he cases were not based on the same act or transaction, and the evidence involved was not capable of being separated by the jury without substantial confusion." Appellant's Brief at 56. Appellant points to discussions during the charging conference regarding jury instructions in arguing that both the trial court and the Commonwealth showed confusion regarding the evidence presented and the elements of the various crimes. Id. at 56-58. Additionally, Appellant maintains that the offenses did not originate from the same act, as the alleged events took place on different dates, and there was no evidence that the two later incidents against the victim were in retaliation for the first. Id. at 58. Thus, Appellant contends the jury was incapable of separating the evidence without substantial confusion and, therefore, the trial court abused its discretion in consolidating the three causes of action for trial. Id. at 58-59.

Our standard of review is as follows:

It is well settled that the decision of whether to join [] offenses for trial is within the discretion of the trial court, and such decision will not be reversed on appeal absent a manifest abuse of that discretion or a showing of prejudice and clear injustice to the defendant. The Pennsylvania Rules of Criminal Procedure provide that distinct offenses which do not arise out of the same act or transaction may be tried together if the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion. Pa.R.Crim.P. 582(A)(1)(a). While evidence concerning distinct crimes is inadmissible solely to demonstrate a defendant's bad character or his propensity to commit crimes, that evidence will be permitted to establish the identity of the perpetrator where proof of one crime tends to prove the others.

Commonwealth v. Stiles, 143 A.3d 968, 975–976 (Pa. Super. 2016) (internal case citations and footnote omitted).

Here, the trial court recognized that the three cases all involved instances of domestic violence against the same victim. N.T., 10/17/2014, at 4-5. The trial court determined that evidence of each distinct incident would be admissible in separate trials under the res gestae exception to Rule 404(b) evidence. Id. The trial court concluded that "it would be a great waste of judicial resources to have separate trials[.]" Id. at 5.

We agree with the trial court's assessment, especially in light of our disposition that there was no merit to Appellant's Rule 404(b) claim. Moreover, upon review of the record, we discern no abuse of discretion in consolidating the actions, because there was no danger of jury confusion. Here, the incidents occurred on different dates, making it easier to compartmentalize the evidence. Additionally, at trial, the Commonwealth presented the testimony of three different responding police officers – one for each incident. Officer Willis McConnell testified regarding the June 1, 2013 incident. Id. at 77-87. Officer Daniel Grossman testified about the August 28, 2013 incident. Id. at 89-99. Officer Peter Jaskiewicz testified concerning the December 20, 2013 incident. Id. at 99-133. Because there were different witnesses and distinct dates for each of the incidents, there was no danger of confusing the evidence. Thus, we discern no abuse of discretion in consolidating the three causes of action. Hence, Appellant's final claim lacks merit.

Accordingly, in the case sub judice, because Appellant's charge for resisting arrest was dismissed prior to trial, we are constrained to vacate Appellant's conviction and sentence for that offense. However, because we are vacating a conviction in a multiple count matter where the trial court imposed a consecutive sentence, we have upset the trial court's overall sentencing scheme, and we remand for resentencing. Furthermore, we affirm Appellant's convictions for aggravated assault, harassment, and two counts of simple assault.

Conviction and judgment of sentence vacated for resisting arrest. All remaining convictions affirmed. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
    Plaintiff, )
     )
     )
    v. )    No.   CR 1637 - 2013
     )           CR 2259 - 2013
     )
     )
     )
RONALD PATTERSON )
    Defendant. )

## ORDER

**AND NOW**, this 24TH day of October, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's oral Rule 600(A) Motion is DENIED.

By way of further explanation, Defendant's counsel made an oral motion on Tuesday, October 21, 2014, alleging that the Commonwealth violated Rule 600(A) and requested that the charges at the above listed case numbers be dismissed with prejudice. Pa. R.Crim.P. 600(A)(2)(a) decrees that trial shall commence "within 365 days from the date the complaint was filed." Per Pa. R.Crim.P. 600(A)(2), "[t]rial shall be deemed to commence on the date the trial judge calls the case to trial." Pa. R.Crim.P. 600(C)(1) states that "for purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Further, Pa. R.Crim.P. 600(C)(3)(a) explains that where a party requests a continuance, the delay is attributable to the party requesting the continuance.

I

At CR 1637 – 2013, Defendant was charged by criminal complaint on June 1, 2013. Thus, if there were no delays, the Commonwealth had until May 31, 2014 to begin Defendant's trial. At CR 2259 – 2013, Defendant was charged by criminal complaint on August 29, 2013. Thus, if there were no delays, the Commonwealth had until August 28, 2014 to begin Defendant's trial.

However, there have been many delays in Defendant's cases at CR 1637 – 2013 and CR 2259-2013 that are excludable for speedy trial computation purposes. *See* Pa. R.Crim.P. 600(C)(1). After a thorough review of the record, this court finds the following days are excluded when calculating the speedy trial run date. Twenty-two days are excluded at CR 1637-2013 because the Magisterial District Justice was unavailable. [1] The Commonwealth did not cause that delay, nor did they have control over the date to which the Magisterial District Justice continued the preliminary hearing. *See* Pa. R.Crim.P. 600(C)(1). In addition, forty-one days are excluded at CR 1637-2013 and twenty-nine days are excluded at CR 2259-2013, because the period of time between the dates a Defendant files a pre-trial motion and the trial court's dispensing of such motion is excludable as delay caused by Defendant.[2] *See Commonwealth v.*

[1] The Magistrate District Justice re-scheduled Defendant's preliminary hearing from June 11, 2013 to July 3, 2013, due to the unavailability of the Magistrate District Justice on June 11, 2013.

[2] Although Defendant filed a Motion for Bond Reduction on June 18, 2013, before the court ruled on said motion, Defendant posted bail and was released from incarceration on July 15, 2014. Only twelve days are excluded from the time period between June 18, 2013 and July 15, 2013, because the delay for the Magistrate's continuance (June 11, 2013 to July 3, 2013) has already been counted as excluded time in the speedy trial computation. Thus, twelve days are excluded (June 18, 2013 to July 15, 2013).

On February 28, 2014, Defendant's attorney filed an omnibus motion. This court scheduled a hearing regarding the motion on March 13, 2014. However, the Commonwealth requested a continuance. The court scheduled a new hearing date for April 21, 2014. Only the time between the filing of the motion and date Commonwealth's continuance was granted is included in the speedy trial calculation. Thus, thirteen days excluded (February 28, 2014 to March 13, 2014).

Defendant's attorney filed a Rule 600 Motion on July 17, 2014, which this court scheduled for a hearing on July 31, 2014. Upon conferring with the Assistant District Attorney at the hearing on July 31, 2014, Defendant's counsel orally withdrew the Rule 600 Motion. Consequently, this court issued no order regarding July 17, 2014 Motion. Thus, fourteen days are excluded (July 17, 2014 to July 31, 2014).

2

*Oliver*, 674 A.2d 287, 289-290 (Pa. Super. Ct. 1996). Two days are excluded because where a Defendant is on bail and he fails to appear in court at an appointed time, the time between the date Defendant failed to appear at court and the bench warrant hearing following his arrest are excludable under the speedy trial rule.[3] *See Commonwealth v. Leatherbury*, 473 A.2d 1040, 1043 (Pa. Super. Ct. 1984). Thirty-one days are excluded because time is not chargeable to the Commonwealth for speedy trial purposes where a defendant's case is "scheduled for the earliest possible date consistent with court business."[4] *See Commonwealth v. Nellom*, 565 A.2d 770, 773 (Pa. Super. Ct. 1989). Fourteen days are excluded at CR 1637-2013 and 2259-2013 because the period of time between Defendant's attorney's withdrawing and new counsel entering their appearance is excludable.[5] *See Commonwealth v. Cook*, 554 Pa. 361, 374 (1996). Thirty-nine days are excluded at CR 1637-2013 and 2259-2013 because Defendant requested a continuance and the delay is attributable to the Defendant.[6] Pa. R.Crim.P. 600(C)(3)(a). This summary consists of the days that are excludable for speedy trial purposes.

Upon calculating the total number of days that are excludable from the prompt trial computation, the court finds the following. At CR 1637 – 2013, 149 days are excludable from

Finally, Defendant has filed several *pro se* motions while he was represented by counsel, (despite the fact this court repeatedly informed Defendant using a hybrid approach is not proper) on February 5, 2014 and March 6, 2014, that were quickly dismissed by this court, on February 7, 2014 and March 7, 2014, respectively. Only two days are excluded from the speedy trial computation (February 5, 2014 and February 7, 2014), because this court already excluded March 6-7, 2014 due to Defendant's attorney filing an omnibus motion on February 28, 2014.

[3] Defendant failed to appear at a court hearing on November 6, 2013 and had a bench warrant hearing following his arrest on November 8, 2013.

[4] August 1, 2014 to August 31, 2014 is excluded for speedy trial purposes, because there is no jury trial term in August in the Court of Common Pleas of Washington County, Pennsylvania. The next trial term began September 8, 2014.

[5] Public Defender Attorney Chris Sherwood withdrew his appearance as Defendant's counsel on January 14, 2014. Attorney Amanda Como entered her appearance on January 28, 2014. The fourteen day delay is excludable from the speedy trial calculations. Also, Attorney Amanda Como withdrew her appearance on July 31, 2014. Attorney John Puskar entered his appearance on August 6, 2014. However, this seven day delay is NOT excluded from the speedy trial calculations, because the month of August has already been excluded due to court unavailability.

[6] The continuance was for a period of thirty-nine days, from September 8, 2014 to October 17, 2014 (date set for jury selection and pre-trial conference date, respectively).

3

the prompt trial computation. Consequently, the Commonwealth has until October 28, 2014 to commence trial against Defendant at CR 1637-2013. At CR 2259 – 2013, 115 days are excludable from the prompt trial computation. Consequently, the Commonwealth has until December 22, 2014 to commence trial against Defendant at CR 2259-2013. On October 21, 2014, this court conducted *voir dire* for Defendant's cases at CR 1637 – 2013 and CR 2259-2013 for the October trial term. The trials for said cases are scheduled to commence on October 28, 2014, along with Defendant's case at CR 52-2014.[7] Therefore, the Commonwealth is bringing the Defendant to trial within the timer periods set forth in Pa. R.Crim.P. 600(A).

BY THE COURT,

_____
Gary Gilman, Judge

---

[7] The court conducted and completed jury selection on October 21, 2014. This is a "substantial step" evidencing the beginning of a trial. *See Commonwealth v. Lamonna*, 473 Pa. 248, 255, 373 A.2d 1355, 1359 (1977). Opening statements are to commence on October 28, 2014.

4