J-S81017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH DARNEL ALLISON, JR. | |
| Appellant | No. 981 MDA 2017 |

Appeal from the PCRA Order Entered June 1, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0000353-2014

BEFORE:  PANELLA, STABILE, and PLATT,* JJ.

MEMORANDUM BY STABILE, J.:            **FILED MARCH 27, 2018**

Appellant Keith Darnel Allison, Jr. *pro se* appeals from the June 1, 2017 order of the Court of Common Pleas of Berks County, which denied his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on January 11, 2014, Appellant and three other individuals entered a laundromat in Reading, Pennsylvania and physically assaulted a male victim.  N.T. Guilty Plea, 9/17/15, at 5-6.  Specifically, the four individuals kicked and struck the victim with their fists and various objects, causing serious bodily injury, *i.e.*, acute subdural hematoma.  *Id.* at 6.  On September 17, 2015, Appellant entered into a negotiated guilty plea to aggravated assault (18 Pa.C.S.A. §

_____

* Retired Senior Judge assigned to the Superior Court.

2702(a)(1)) and conspiracy to commit aggravated (18 Pa.C.S.A. § 903(a)(1)). On the same day, the trial court sentenced Appellant to an aggregate term of eight to twenty years' imprisonment. Appellant neither filed any post-sentence motions nor a direct appeal.

On August 17, 2016, Appellant *pro se* filed the instant, his first, PCRA petition, asserting, *inter alia*, claims for ineffective assistance of counsel. The PCRA court appointed counsel, who subsequently filed a ***Turner/Finley***[1] no-merit letter on December 30, 2016. On May 3, 2017, the PCRA court granted appointed counsel's request for withdrawal. On the same day, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition.

On May 11, 2017, Appellant *pro se* filed an amended PCRA petition. On June 1, 2017, upon reviewing Appellant's PCRA petition, and various amendments thereto, and the no-merit letter, the PCRA court denied Appellant relief. Appellant *pro se* timely appealed to this Court. The PCRA court ordered him to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising eleven assertions of error. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[2] Appellant presents five issues for our review:

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 214 (Pa. Super. 1988) (*en banc*).

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact

[I.] Whether the trial court imposed an illegal sentence when it failed to obtain subject-matter jurisdiction over counts 19 and 20 due to indictments insufficiency to state offenses and was counsel ineffective for his failure to inform [Appellant] that the court could not impose the illegal sentence, thereby violating Pa. Const. Art. 1 § 9, Pa. Const. Art. 1 § 10, United States Const. Amend 5, and United States Const. Amend 6?

[II.] Whether the trial court imposed an illegal sentence when it held [Appellant] to answer for charges not presented in the indictment or information due to ineffective assistance of counsel, thereby violating U.S. Const. Amend 5 and U.S. Amend 6?

[III.] Whether the trial court allowed an information to be amended where there was not a defect of form, where the information charged additional or different offenses, thereby violating Pa.R.Crim.P. 564?

[IV.] Whether the trial court failed to ensure that [Appellant] understood the nature of the charges by not including a demonstration that [Appellant] understood the nature of the charges on the record in open court, thereby violating Pa.R.Crim.P. Rule 319(a)?

[V.] Whether the trial court failed to follow the sentencing Code, at the time of sentencing, when it failed to give adequate reasons for appellant's sentence and abusing it's sentencing discretion when it failed to consider relevant and required sentencing criteria, including the character, personal history, and rehabilitative needs of [Appellant], thereby violating 42 Pa.C.S.A. § 9721(b)?

Appellant's Brief at 5 (sic).  Appellant's claims can be condensed and restated as follows:  First, he challenges the Commonwealth's amendment of the information on the day of his guilty plea to include counts for aggravated assault and conspiracy to commit aggravated assault.  Second, he raises an issue of ineffective assistance of counsel because he claims, *inter alia*, that his trial counsel failed to challenge the amendment of the information.  Third, he

and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

claims that his negotiated guilty plea was involuntary.[3] Fourth, Appellant challenges the discretionary aspects of his sentence.[4] After careful review of the record and the relevant case law, we conclude that the PCRA court accurately and thoroughly addressed Appellant's claims on appeal. *See* PCRA Court Opinion, 7/26/17, at 2-7. Accordingly, we affirm the PCRA court's June 1, 2017 order. We further direct that a copy of the PCRA court's July 26, 2017 opinion be attached to any future filings in this case.

_____

[3] Appellant's third claim is waived because "it could have been raised prior to the filing of the PCRA petition, but was not." *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2007) (citation omitted); *see also* 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding."). Even if it were not waived, Appellant is not entitled relief, as explained in the PCRA court's July 26, 2017 opinion.

[4] Appellant's fourth issue is waived. It is settled that the PCRA does not provide an appellant relief for discretionary aspects of sentence claims. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA.") (citations omitted), *appeal denied*, 944 A.2d 756 (2008); *see also Commonwealth v. Jordan*, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be review in the context of a direct appeal and cannot be reviewed in the context of the PCRA."); *see also* 42 Pa.C.S.A. § 9543(a)(2). Even if Appellant could challenge the discretionary aspects of his sentence on collateral review, he still would not be afforded relief because he may not challenge the discretionary aspects of his or her sentence, where the terms of the sentence were made part of the negotiated plea. *Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004), *appeal denied*, 877 A.2d 459 (Pa. 2005); *see Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (holding that a challenge to the discretionary aspects of a negotiated sentence is unreviewable).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2018

COMMONWEALTH OF PENNSYLVANIA   : IN THE COURT OF COMMON PLEAS
   : OF BERKS COUNTY, PENNSYLVANIA
   V.   : CRIMINAL DIVISION
   : NO. CP-06-CR-0000353-2014
KEITH DARNEL ALLISON JR.   :
          DEFENDANT   : PAUL M. YATRON, PRESIDENT JUDGE

**1925(a) Opinion**                                        **July 26, 2017**

## PROCEDURAL HISTORY

On September 17, 2015, Keith Allison ("Appellant") entered a negotiated plea to aggravated assault and conspiracy to commit aggravated assault. That day, Appellant was sentenced to not less than eight (8) nor more than twenty (20) years in a state correctional facility.

Following sentencing, Appellant did not file a post sentence motion or file an appeal. On August 17, 2016, Appellant filed a timely *pro se* PCRA petition. We duly appointed PCRA counsel, who filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) on December 30, 2016. Appellant subsequently filed what we cognized as an amended petition on May 11, 2017. After reviewing the petition, PCRA Counsel's "No Merit" letter, and further *pro se* amendment/letters we dismissed the petition on June 1, 2017.

On the 21st day of June, 2017, Appellant appealed our dismissal. That same day, in response, we ordered that Appellant file a concise statement. He timely filed a concise statement on July 13, 2017. In his Concise Statement, he reiterates many of his prior claims, though with inventive "legal" arguments. These claims fit into three categories.

First, Appellant raises a myriad of legal arguments involving an amendment to his information. To this effect, he claims that the Court lacked subject matter jurisdiction, violated his due process rights, and committed procedural violations, under the Pennsylvania and United States Constitution and the Pennsylvania Rules of Criminal Procedure, when we permitted the amendment of counts 19 and 20 to aggravated assault and conspiracy to commit this offense respectively. Second, Appellant alleges that his Counsel was ineffective for failing to assert the illegality of the aforementioned violations of the Court and his plea was coerced and/or

CLERK OF COURTS

1



involuntary. Third, he argues that PCRA counsel was ineffective for failing "to meet the minimum requisites of Turner / Finley."

## DISCUSSION

### I. Legality of Amendments to the Information.

Appellant argues that the Court lacked subject matter jurisdiction, violated his due process rights, and committed procedural violations, under the Pennsylvania and United States Constitution and the Pennsylvania Rules of Criminal Procedure, when we permitted the amendment of counts 19 and 20 to aggravated assault and conspiracy to commit this offense respectively. These claims are without merit as the amendment to the information was permissible under all relevant law and the Court had subject matter jurisdiction.

When the Commonwealth files a petition to amend the information of a criminal action, it must comply with Pa.R.Crim.P. 564, which states:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564.

"[T]he purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Commonwealth v. Mentzer*, 18 A.3d 1200, 1202 (Pa. Super. 2011). A court must consider the following:

> [w]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amended is not permitted.

Additionally,

> [i]n reviewing a grant to amend an information, the Court will look to whether the [defendant] was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basis elements and arose out of the same factual situation as the crime added

CLERK OF COURTS

2

by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

Most importantly, we emphasize that "the mere possibility amendment of information may result in a more severe penalty ... is not, of itself, prejudice."

*Id.* at 1202-03 (citations omitted).

Instantly, it is evident that Appellant was apprised of the factual scenario underlying his charges, namely that he kicked and punched Robert Lawson Mohler causing injury. This fact is clear in the statement of probable cause and the original information informs Appellant that he was charged with simple assault. "[F]or the purposes of this case, [his original charges only] differ[] from aggravated assault . . . with respect to the intent of the criminal perpetrator and the seriousness of the injuries sustained by the victim." *Commonwealth v. Lawton*, 414 A.2d 658, 661 (Pa. Super. 1979). As such, the amendment was permissible and an objection by counsel to the amendment would have been unsuccessful. *Id.* Furthermore, the information was modified as part of negotiated plea. Appellant was afforded a significant benefit to permit the amendment of these charges, which was the dismissal of four first degree felonies.

## II. Ineffective Assistance of Plea Counsel

Appellant avers that his Counsel was ineffective for failing to assert the illegality of the aforementioned violations of the Court and his plea was coerced and/or involuntary. The Post Conviction Relief Act permits the Court to examine "all constitutionally-cognizable claims of ineffective assistance of counsel." *Com. ex rel. Dadario v. Goldberg*, 773 A.2d 126, 129 (Pa. 2001); 42 Pa.C.S. § 9543(a)(2)(ii). Through these claims, the defendant must prove by a preponderance of evidence that counsel's acts or omissions "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

3

*Commonwealth v. Howard*, 749 A.2d 941, 949 (Pa. Super. 2000) (quoting *Commonwealth v. Stevens*, 739 A.2d 507, 512 (Pa. 1999)); 42 Pa.C.S. § 9543(a), (a)(2)(ii).

When alleging the ineffectiveness of counsel, the defendant must satisfy a three pronged test. Defendant must prove: (1) that the underlying legal claim has arguable merit, (2) counsel had no reasonable basis for his or her action, and (3) that there is a "reasonable probability that but for the act or omission in question, the outcome of the proceeding would have been different." *Commonwealth v. Rega*, 933 A.2d 997 (Pa. 2007); *Commonwealth v. Chmiel*, 889 A.2d 501, 540–41 (Pa. 2005); *Commonwealth v. Pierce*, 527 A.2d 973, 974 (Pa. 1987). The defendant must satisfy each prong of this test, or his claim will fail. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Additionally, as counsel is presumed effective, it is the defendant that bears the burden of establishing these prongs. *Commonwealth v. Speight*, 677 A.2d 317, 461 (Pa. 1996).

> [Moreover,] [i]t is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> "[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Anderson*, 995 A.2d at 1192 (citations, quotation, and quotation marks omitted).

*Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (quoting *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012)).

> Additionally,

> "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005); Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108 (*citing* Comment to Pa .R.Crim.P. 590). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*,

4

632 A.2d 312, 315 (Pa. Super. 1993). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted).

*Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015).

Appellant made the following statements that evince that his plea was both voluntary and knowing:

Ms. Hamer: Mr. Allison, do you understand that you stand here today charged with aggravated assault, conspiracy to commit aggravated assault, two counts of delivery of a controlled substance, and possession of a controlled substance?

The Appellant: Yes.

Ms. Hamer: Do you understand that you are presumed to be innocent until proven guilty beyond a reasonable doubt?

The Appellant: Yes.

Ms. Hamer: Do you understand that you have an absolute right to have a trial by jury in these cases?

The Appellant: Yes.

Ms. Hamer: Do you understand you have the right to file pretrial motions, including a writ of habeas corpus and a motion to suppress evidence?

The Appellant: Yes.

Ms. Hamer: Do you understand that by pleading guilty you give up your right to a trial and pretrial motions?

The Appellant: Yes.

Ms. Hamer: After pleading guilty, you have only certain limited rights. They include the right to challenge whether your plea was valid, whether your attorney was effective in representing you, the jurisdiction of the Court, and you can appeal any sentence imposed to a higher court. Do you understand those four limited rights?

The Appellant: Yes.

Ms. Hamer: I am referring you to the written colloquies in the Judge's hand. Is that your signature on the first three pages of each document?

The Appellant: Yes

5

Ms. Hamer: Are these your truthful answers to the questions on each of the documents?

The Appellant: Yes.

\*                                          \*                                          \*

Ms. Hamer: Are you satisfied with the services of Mr. Jarmon and Mr. Emkey?

The Appellant: Yes.

Ms. Hamer: A plea agreement has been negotiated between your attorney and the commonwealth in dockets 353' of 14, 1362 of '14, 1171 of '14, 4397 of '13. Do you understand that Judge Yatron is not bound by that plea agreement and doesn't have to follow it?

The Appellant: Yes.

Ms. Hamer: Do you understand if Judge Yatron doesn't sentence you in accordance with the plea agreement, you may withdraw your plea and proceed to trial?

The Appellant: Yes.

Ms. Hamer: Do you understand that the maximum permissible sentence on charges of aggravated assault and conspiracy to commit aggravated assault are each 20 years and a $25,000 fine?

The Appellant: Yes.

Ms. Hamer: In light of your answers to my questions on the record, and in light of your answers in the guilty plea colloquy, is it your intention to plead guilty and be sentenced in accordance with the plea agreement.

The Appellant: Yes.

NOTES OF TESTIMONY, September 14, 2015, at 2-5.

After a thorough review, Appellant's claims are without merit. Claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for PCRA relief only if the ineffectiveness caused an involuntary or an unknowing plea. *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa. Super. 2006). Also, a defendant will be held responsible for statements that he made during a guilty plea and cannot escape those consequences by contradicting them or stating he lied under oath. *Commonwealth v. Jones*, 596 A.2d 886 (Pa. Super. 1991). Instantly, under the totality of the circumstances, there is nothing of record to suggest that Appellant's guilty plea was either unknowing or involuntary. Both his written and oral guilty plea colloquies indicate

6

that he understood and voluntarily waived his rights; a defendant is not permitted to allege that he lied under oath. Therefore, Appellant is unable to sustain any allegation that his plea was unknowing or involuntary.

Also, Appellant avers that he was coerced into accepting a plea deal because he was informed that if he went to trial he would lose and receive a virtual life sentence. This was not coercion, but reflects reality. Appellant was charged with four first degree felonies, which would not merge for purposes sentencing. As one first degree felony alone carries the maximum sentence of twenty (20) years, it would have been feckless of Counsel not to advise Appellant of this possibility. As such, this advice could not be considered coercive.

In addition, Appellant argues that Counsel failed to file a post-sentence motion, despite his request. Even assuming that this averment is true, Appellant would not be entitled to the reinstatement of his post-sentence rights unless he can demonstrate actual prejudice under the *Strickland/Pierce* standard. *Commonwealth v. Reaves*, 923 A.2d 1119, 1129 (Pa. 2007). Under this standard, prejudice can only be shown when there is a "reasonable probability that but for the act or omission in question, the outcome of the proceeding would have been different." *Commonwealth v. Rega*, 933 A.2d 997 (Pa. 2007). Instantly, there is no reasonable probability that we would have modified Appellant's sentence, because he was sentenced pursuant to a negotiated plea.

Finally, Appellant alleges that Counsel was ineffective for permitting an amendment to the criminal information. The basis for ineffectiveness is that this amendment to the criminal information was unlawful. However, this claim is without merit as the amendment was lawful and this claim is without merit. *See Supra*.

## III.    Ineffective Assistance of PCRA Counsel

Appellant avers that PCRA Counsel was ineffective for "failing to meet minimum requisites of Turner / Finely." After reviewing the record, we find this claim is so vague as to prevent meaningful review. The purpose of requiring a Concise Statement of Errors is so that trial judges can identify on which issues to focus. The Pennsylvania Supreme Court has held that once "a Concise Statement of Matters Complained of on Appeal [is filed], any issues not raised in such a statement will be waived." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa. Super. 2001) (citing *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998)). Furthermore, flowing from the progeny of this case, when a Concise Statement is so vague as to prevent

7

meaningful review, and thus impede pertinent legal analysis, such issues raised are also waived. *Commonwealth v. Butler*, 756 A.2d 55, 57 (Pa. Super. 2000). In other words, vague statements are equivalent to no statement at all and result in forfeiture of that issue on appeal. *See Dowling*, 778 A.2d at 687.

Instantly, Appellant has failed to demonstrate even in the vaguest of terms as to how Counsel failed its duties under "Turner / Finley." It is not the role of the Court to construe Appellant's Concise Statement in a fashion that would allege a cognizable claim. As such, the vagueness of Appellant's statement defeats the purpose of a Concise Statement and hinders pertinent legal analysis. This statement should be considered waived.[1]

## CONCLUSION

Accordingly, we conclude that Appellant is not entitled to post-conviction collateral relief.

---

[1] He first raised this claim of ineffectiveness in his amended petition. When the ineffectiveness of PCRA counsel is first raised in a Concise Statement, this matter is considered waived. *Commonwealth v. Henkel*, 90 A.3d 16, 29 (Pa. Super. 2014). Yet, if the claim is raised in the amended petition the ineffectiveness of counsel of PCRA Counsel may be addressed by the Court. *See Id.* Instantly, PCRA counsel's ineffectiveness was persevered, but has been waived because his averment of ineffectiveness prevents our meaningful review.